SCHABO, Executrix, Appellant, vs. WOLF-PEPPER TRANS-
PORTATION & STORAGE COMPANY, Respondent.

*February 6—March 4, 1930.*

For the appellant there was a brief by *Lonsdorf, Staidl & Schmiege* of Appleton, attorneys, and *Barton & Mogren* of St. Paul, Minnesota, of counsel, and oral argument by *John A. Lonsdorf* and *E. C. Mogren.*

*L. W. Hull,* attorney, and *John F. Kluwin* of counsel, both of Oshkosh, for the respondent.

STEVENS, J.   The case presents issues of fact as to whether either of these drivers was guilty of negligence as to speed, lookout, or driving on the wrong side of the highway.   The evidence is so evenly balanced as to support either the findings made by the jury or those made by the court.   But this being a jury issue, it would be the duty of this court to reinstate the answers of the jury and enter judgment for the plaintiff, were it not for an error in the admission of evidence.

A witness was permitted to testify that deceased, seven or eight hours after the collision, at a time when he expected that he would die, said that the collision would not have happened if the truck had been on its own side of the road and had not been going so fast.   This proof was received on the theory that it was admissible as a dying declaration.   The admission of such declaration is a well recognized· exception to the hearsay rule.   "Although there was formerly some doubt as to the proposition, it is now well settled that the declarations are admissible only in cases of *homicide*."   Jones, Evidence (2d ed.) § 332.   This court early adopted the rule that in order to make dying declara-

tions admissible "the case on trial must be one of homicide." *State v. Cameron,* 2 Pin. 490, 494–5. See, also, *Jackson v. State,* 81 Wis. 127, 131, 51 N. W. 89, and cases cited.

The question of the speed of the colliding cars and the place of the accident largely determined the issue of which driver was responsible for this unfortunate collision. This dying declaration is the most persuasive proof contained in the record to establish the fact that the driver of the defendant's truck was guilty of negligence with reference to speed or driving on the wrong side of the road at the time of the collision. The case presents such close questions of fact that the court is satisfied that the substantial rights of the defendant were prejudiced by the admission of this testimony and that defendant is entitled to present the issues of this case to a jury which shall not have before it this inadmissible testimony.

*By the Court.*—Judgment reversed and a new trial ordered.

FRITZ, J. (*dissenting*). I concur in this court's conclusions that proof of the dying declaration was not admissible, and that the evidence presents issues of fact for the jury as to the defendant's negligence. However, in my opinion the trial court, in passing upon the motions after verdict, rightly concluded that the evidence necessitates finding that Schabo was guilty of negligence which proximately contributed to produce his injury.

Under the evidence which was most favorable to plaintiff, defendant's truck as it approached the point of collision did not extend more than six inches over the center line of the twenty-foot-wide concrete roadway. That left Schabo nine and one-half feet of clearance between defendant's truck and the rural mail carrier's car, which was at a standstill on the shoulder at the edge of the concrete. With an available nine and one-half foot wide passageway, and nothing to prevent Schabo's observing and safely passing defendant's truck, it

was clearly negligence for Schabo to drive so close to the truck as to collide with it. His negligence in that respect proximately contributed as much as any negligence of the defendant in causing Schabo's injury; and consequently the defendant is entitled to judgment dismissing plaintiff's complaint.

Therefore I dissent from this court's decision reversing the judgment and ordering a new trial.

I am authorized to state that Mr. Chief Justice ROSENBERRY joins in this dissent.